Newman, J.
It is alleged in the petition that it was the plan and intention of the owner of the allotment in question that the lots should be used exclusively for residence purposes and at the time the allotment was made and the plat recorded and before any of the lots had been sold such general plan was adopted. In each of the deeds from the allotter there is contained the following covenant: “As part of the consideration for this deed, it is hereby agreed that the said land shall be used exclusively for residence purposes.” It is the contention of counsel for plaintiff in error that by reason of this general plan and of the covenant in the different deeds there was conferred upon the owner of each lot a property right in each and every other lot in the allotment. Practically all of the cases in which restrictive covenants in deeds and general plans for the improvement of an allotment have been involved, are cases in which the aid of a court of equity has been invoked by the owner of a lot to prevent the owner of another lot from violating a covenant and from defeating the general plan of the improvement. Such restrictions have been recognized and given full force and effect between private owners of lots, and an owner of a lot has been enjoined from using the same for purposes other than the uses to which it was restricted. Wallace v. Clifton Land Co., ante, 349.
*468 The case at bar, however, is one at law, in which plaintiff seeks to recover compensation by way of damages resulting from the taking of an alleged property right which she claims to have had in the lots of the defendant, a railroad company organized under the laws of the state and possessing the right of eminent domain. It is the owner of a number of lots in the allotment and at the time of the commencement of this action was building a railroad on and over its property. It was devoting these lots to a public use. If plaintiff is entitled to compensation by way of damages by reason of the use of this property by the railroad company, a right must grow out of the covenant in the deeds of the allotter and the general plan adopted which restrict the use of the property to residence purposes. If such restriction is not to be construed as preventing the use of the property for public purposes, then of course there is no violation on the part of the defendant, and it follows that no recovery can be had. If, on the other hand, it is to be construed as prohibiting the use of the property for any purpose other than that of residences, it would prevent a public use of the lots and thereby defeat the right of eminent domain. No covenant in a deed restricting the real estate conveyed to certain uses and preventing other uses can operate to prevent the state, or any body politic or corporate having the authority to exercise the right of eminent domain, from devoting such property to a public use. The right of eminent domain rests upon public necessity, and a contract or covenant or plan of allotment which attempts to prevent the *469 exercise of that right is clearly against public policy and is therefore illegal and void. Plaintiff’s right to compensation, if it exists, must be based upon the restrictive covenant in the deeds and the general plan adopted. To give to plaintiff this right we would be compelled to recognize a right existing under what we hold to be an invalid restriction. As was said in United States v. Certain Lands, 112 Fed. Rep., 622: “As each owner of land holds his property subject to the devesting of his title through the action of the state or of the United States, based on public necessity, can he by any means, directly or indirectly, impose upon the-state or the United States the burden of compensating him for damage resulting from that public use which does not directly invade his land? * * * Can it be possible that these owners, by mutual agreements or covenants that they or their successors in title will not do things which may be necessary for national defense, and by agreeing that these things are noxious and offensive to them, compel the United States to pay them for the right to do, upon lands taken, what is necessary for the protection of the nation?
“If such a right can exist against the state or nation, and can be considered property, then only a mere device of conveyancing is necessary to defeat entirely the rule that depreciation of property incidental to a public use does not constitute a ‘taking’; for private deeds may then provide in express terms against such uses as may be necessary in case the government exercises the right of eminent domain. If these private covenants are, *470 as against the government and state, to be recognized as property, then the government, by taking such uses, takes private property, and múst make compensation. * * * While the owners may so contract as to control private business, and thereby increase the values of their estates, they are not entitled so to contract as to control the action of the government, or to increase the values of their lands by any expectation or belief that the government will not carry on public works in their vicinity, or that in case it does it will compensate them for the loss due to the defeat of their expectation that it would not. * * * Each landowner holds his estate subject to the public necessity for the exercise of the right of eminent domain for public purposes. He cannot evade this by any agreement with his neighbor, nor can his neighbor acquire a right from a private individual which imposes a new burden upon the public in the exercise of the right of eminent domain.”
What was said by the court in that case in reference to the state and government applies with equal force to a railroad corporation or any agency of the state which is vested with the right of eminent domain. We are constrained to the conclusion that restrictive covenants in deeds or a general plan for the improvement of an allotment cannot be construed to prevent the use of the lots for public purposes, and as against the state or any of its agencies which are vested with the right of eminent domain are illegal and void, confer no property right and cannot be the basis of a claim for damages.
*471 We are of the opinion that the petition did not state a cause of action, and the judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Johnson,. Wanamaker, Jones and Matthias, JJ., concur.